Case 2:13-cv-06624-MWF-PLA Document 1 Filed 09/10/13 Page 1 of 20 Page ID #:5

COPY

FILED
2013 SEP 10 PM 2:11
CLERK U S DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES
BY_____

1  MICHAEL L. TRACY, ESQ., SBN 237779
2  MTRACY@MICHAELTRACYLAW.COM
   MEGAN E. ROSS, ESQ., SBN 227776
3  MROSS@MICHAELTRACYLAW.COM
4  LAW OFFICES OF MICHAEL TRACY
   2030 Main Street, Suite 1300
5  Irvine, CA 92614
6  T: (949) 260-9171
   F: (866) 365-3051
7
8  Attorney for Plaintiff JOHN MITCHELL

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JOHN MITCHELL, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>MEDTRONIC, INC., A MINNESOTA CORPORATION,<br><br>Defendant | Case No.: CV13-06624-FMO (PJWx)<br><br>**CLASS ACTION COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS, OVERTIME UNDER THE FLSA, WAITING TIME PENALTIES AND UNFAIR BUSINESS PRACTICES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JOHN MITCHELL, alleges:

### JURISDICTION

1. This Court has jurisdiction over this matter because this complaint alleges a federal question in that violations of 29 U.S.C. § 201 *et seq.* are alleged.

2. This court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a). The State law claims are all related to the same facts – namely whether Plaintiff performed work and was not paid overtime wages and whether that failure to pay was willful. As such, all the claims make up the same

-1-
COMPLAINT FOR LABOR VIOLATIONS

case or controversy under Article III of the United States Constitution.

3. This Court has jurisdiction over this case under the Class Action Fairness Act of 2005. As alleged below, MITCHELL is a citizen of California and Defendant is not a citizen of California. There are more than 100 class members, and the amount in controversy is in excess of $5,000,000.

## GENERAL ALLEGATIONS

4. This Court is the proper court and this action is properly filed in the County of Los Angeles and in this judicial district because Defendants do business in the County of Los Angeles, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of Los Angeles is the subject of this action.

## PARTIES

5. Plaintiff JOHN MITCHELL ("MITCHELL") was jointly employed by Defendants from November 24, 2008 through the August 31, 2011. MITCHELL is a citizen of California.

6. Defendant MEDTRONIC INC. ("MEDTRONIC") is a Minnesota Corporation doing business in the County of Los Angeles, State of California. MEDTRONIC is not a citizen of California.

## CLASS ACTION ALLEGATIONS

7. Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rules 23(a), (b)(1), (b)(2) and (b)(3). Plaintiff seeks to represent a class of all Sales Associates who are currently employed or have been employed by defendants within the State of California who: (1) at any time four (4) years prior to the filing of the SULTAN LAWSUIT did not have their overtime regular rate of pay calculated to include all remuneration, and (2) at any time four (4) years prior to the filing of the SULTAN LAWSUIT were not given the premium wages mandated for missing meal breaks.

-2-
COMPLAINT FOR LABOR VIOLATIONS

8. JOHN Sultan filed a class action lawsuit against MEDTRONIC on May 13, 2011. ("SULTAN LAWSUIT")

9. The statute of limitations on these claims was tolled as of the date of the SULTAN LAWSUIT.

10. Until April of 2011 MEDTRONIC maintained a company-wide policy of not paying employees for missed breaks.

11. Plaintiff and class members routinely worked in excess of five hours per day and were not provided meal breaks by the company.

12. Plaintiff and class members desired their full thirty-minute meal breaks and were denied the ability to take them by the company.

13. Plaintiff and class members had never been paid additional wages for missed meal breaks during employment until April 2011.

14. Plaintiff and class members were not paid their overtime compensation in accordance with their regular rate of pay.

15. Plaintiff and class members earned commissions based on sales of various medical devices.

16. Sometime in 2010, MEDTRONIC started computing the commissions in the calculation of the regular rate of pay on which overtime is based.

17. Prior to 2010, MEDTRONIC did not include the commission payments in computation of the regular rate of pay.

18. MEDTRONIC became aware that their policy was illegal and changed it to compute the commissions in the regular rate of pay but never paid the employees the previously unpaid amounts.

19. MEDTRONIC knew it had unpaid wages due to the employees who earned commission wages but refused to pay these wages to the employees.

20. Instead, MEDTRONIC attempted to have the employees sign releases of wages owed even though MEDTRONIC fully knew that there were undisputed wages that were due to the employees.

-3-
COMPLAINT FOR LABOR VIOLATIONS

21. Beginning in April 2011, MEDTRONIC started paying employees one hour of pay each time they worked in excess of five (5) hours without receiving a meal break.

22. MEDTRONIC'S policy for paying for missed meal breaks changed in April 2011. Prior to this date they did not pay any additional wages for missed meal breaks, and after this date the company automatically pays an additional hour of pay when an employee misses a meal break.

23. Beginning in April 2011, the company does not inquire as to whether an employee was "provided" a meal break but simply pays the additional hour of pay when a Sales Associate did not take a meal break.

24. MEDTRONIC contends that its current policy of automatically paying the additional hour of pay was not required by statute but was simply a feature put into the new payroll system to pay the employees additional wages to which they would not otherwise be entitled to.

25. In particular, MEDTRONIC contends that "For a brief period beginning in April 2011, in connection with a changeover to a new electronic timekeeping system called Kronos, the Kronos system was initially calibrated to make payments to employees who did not clock out for a 30 minute meal period. Medtronic discovered this mis-calibration, it promptly corrected it, and those payments ceased."

26. The Sales Associates' normal work day consisted of 8 hours of work with overtime being paid for work beyond this period.

27. The Sales Associates' normal work week consisted of 40 hours of work with overtime being paid for work beyond this period.

28. The extra hour of pay for the missed meal was paid for work within the Sales Associate's normal work hours and/or regular working hours. That is, if an employee did not take a break on a given day after 5 hours of work, the employee would receive one additional hour of pay. This would occur even if the employee only worked 7 hours that day and did not receive any overtime pay for that day.

29. The issue is that if that same employee worked more than 40 hours in the week, then additional hour of pay that was paid for missing the meal was not included in the regular rate of pay. MEDTRONIC contends that any additional compensation was not required by statute but was simply paid voluntarily by MEDTRONIC.

30. Even if the employee worked more than 8 hours in a day, the additional pay was not included in the regular rate of pay.

31. MEDTRONIC does did perform any individualized analysis of whether to pay the additional wages for a missed meal break.

32. MEDTRONIC did not include all proper remuneration when calculating employee's regular rate of pay.

33. Specifically MEDTRONIC did not include missed meal break premiums when calculating an employee's regular rate of pay. That is, any premium payments made for missed meals must be included as compensation is calculating the regular rate of pay on which overtime is paid. In addition, any commission or "bonus" payments made to the employees should have been included in the regular rate of pay.

34. MEDTRONIC keeps time and payroll records which show when employees missed their meal breaks. MEDTRONIC also keeps payroll records that show when additional wages were paid for missed meals.

35. MITCHELL is informed and believes that after August, 2011, MEDTRONIC moved all the Sales Associate positions to Texas and that MEDTRONIC did not employee Sales Associates within California after that date.

36. The Class Members of the following classes can be easily be determined by looking at existing MEDTRONICS time and payroll records.

37. Plaintiff proposes the following Class which will be referred to as the "Missed Breaks Class:"

All Sales Associates employed by MEDTRONICS within

1  California at any time between May 11, 2007 and April 1, 2011.

2  38.  Plaintiff proposes the following Class which will be referred to as the "Regular Rate of Pay Class:"

> All Sales Associates employed by MEDTRONICS within California at any time between May 11, 2007 and August 31, 2011 who received premium payments for missed meals, commissions, or bonuses, and who worked some overtime during the same week for which the premium payment was received.

39.  Plaintiff proposes the following Class which will be referred to as the "Waiting Time Penalty Class:"

> All members of either the Missed Break Class or Regular Rate of Pay class whose employment with MEDTRONIC ended within three (3) years of the filing of this lawsuit.

40.  This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

41.  A Class Action is a superior method for bringing this action in that there is a well defined community of interest in the questions of law and fact. Questions of law and fact common to the class action include, but are not limited to:

   a. Whether EMPLOYER failed to pay proper premium wages for EMPLOYEES missed meal breaks.

   b. Whether the premium payment for missed breaks, commission payments, and certain bonuses need to be included in the regular rate of pay under California law.

   c. Whether the premium payment for missed breaks needs to be included in the regular rate of pay under the FLSA.

42.  Plaintiff and the Class Action Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all

subject to Defendants' illegal labor violations.

43. The claims of the Plaintiff are typical of those of the class, and Plaintiff will fairly and adequately represent the interests of the class. Plaintiff has missed meal breaks and not been paid for them during the pre-April 2011 timeframe and has been paid for missed breaks post-April 2011 but not had the value included in his regular rate of pay. In addition, Plaintiff received commission payments that were not calculated in computing his regular rate of pay. Plaintiff will represent the interests of the class to maximize the payments that class members are entitled to under the law and ensure that all proper wages and penalties are paid to class members.

44. The persons of this class are so numerous that the joinder of all such persons is impracticable and that disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. While the precise number of proposed class members has not yet been determined, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, over 300 putative class members.

45. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendants.

46. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual member, including legal and factual issues relating to liability and damages.

47. Class action treatment will allow those similarly situated person to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

48. In the event that the Court determines at the notice stage or anytime

1 | thereafter that all plaintiffs and members of the class action, are not "similarly
2 | situated," the definition may be modified or narrowed, and/or appropriate subclasses
3 | may be established based on business unit or otherwise.

## COLLECTIVE ACTION ALLEGATIONS

5 |     49.    Plaintiffs bring the Third Cause of Action for violation of the Fair Labor Standards Act (hereinafter "FLSA") as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who are potential members of the Regular Rate of Pay Class ("Collective Action Plaintiffs").

9 |     50.    The Third Cause of Action for violations of the FLSA is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all violations of the FLSA.

12 |     51.    A Collective Action is a superior method for bringing this action in that there is a well defined community of interest in the questions of law and fact. Questions of law and fact common to the collective action include, but are not limited to:

        a.  Whether MEDTRONIC failed and continues to fail to pay overtime compensation at EMPLOYEES proper regular rate of pay in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

19 |     52.    Plaintiff and the Collective Action Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' refusal to pay proper overtime in violation of the FLSA. The claims of the Plaintiff are typical of those of the class and plaintiff will fairly and adequately represent the interests of the class.

24 |     53.    The persons of this class are so numerous that the joinder of all such persons is impracticable and that disposition of their claims in a class action rather than in individual actions will benefit the parties and the court. In addition, each class member must give his or her permission to be represented in this action under the "opt-in" provisions of 29 U.S.C. § 216(b).

54. In the event that the Court determines at the notice stage or anytime thereafter that all Plaintiffs and members of the collective action, as defined above, are not "similarly situated," the definition may be modified or narrowed, and/or appropriate subclasses may be established based on business unit or otherwise.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE
## (AGAINST MEDTRONIC)

55. Plaintiff refers to and incorporates by reference Paragraphs 1 through 54.

56. This cause of action is brought against MEDTRONIC.

57. This cause is brought on behalf of the Regular Rate of Pay Class.

58. Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, § 11040, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) hours on the seventh consecutive work day in a week.

59. Plaintiff MITCHELL worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

60. Plaintiff MITCHELL was entitled to the above overtime premiums.

61. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

62. Defendants did not pay Plaintiff premium wages of at least one and one-

half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

63. Defendants did not pay Plaintiff premium wages of at least two times Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

64. Plaintiff MITCHELL worked at least one pay period in which he was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

65. Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

66. As a proximate result of Defendants' violations, Plaintiff MITCHELL has been damaged in an amount in excess of $1,000 and subject to proof at time of trial.

67. A typical employee might work 60 hours a week and miss breaks on five different days. MEDTRONICS would pay this employee (assuming $17/hr) $680 in regular time wages ($17/hr x 40 hours), $510 in overtime wages ($17/hr x 1.5 x 20 hours) and $85 in meal break premiums (5 x $17). However, the proper regular rate of pay would be $18.42/hr. This requires that overtime be paid at $27.63 per hour rather than $25.50. As such, this hypothetical employee would be due an additional $42.50 for this hypothetical week.

68. In addition, for work done in 2010 and prior, the commission payments made to the Sales Associates was not used to compute the regular rate of pay on which overtime was computed. That is, Sales Associates would earn commissions but that amounts earned were not used to compute the regular rate of pay on which overtime was paid. Instead, MEDTRONIC paid overtime only on the straight time hourly wage earned by the employee and did not include the commission in the calculation.

69. Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of Regulations, Title 8, § 11040, Plaintiff MITCHELL is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties,

interest, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE SECTION 512
## (AGAINST MEDTRONIC)

70. Plaintiff refers to and incorporates by reference Paragraphs 1 through 69.

71. This cause of action is brought against MEDTRONIC.

72. This cause of action is brought on behalf of the Missed Breaks Class.

73. Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, § 11040, for the period of Plaintiff's employment, Defendants were required to provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

74. Defendants failed to provide Plaintiff a meal period for numerous days worked.

75. Defendants know or should know the dates for each missed meal period as well as the damages due.

76. Defendants failed to provide Plaintiff at least one meal period within the three (3) years prior to filing this lawsuit.

77. There are at least 300 employees working at any one time that did not receive their proper premium pay. A typical employee makes $17/hr. Missing five (5) meal breaks a week would amount to $5,508,000 in total damages.

78. Pursuant to Labor Code § 512 and California Code of Regulations, Title 8, § 11040, Plaintiff MITCHELL is entitled to recover one (1) hour of pay at the regular rate of compensation for each workday that the meal period was not provided.

79. Plaintiff MITCHELL prays for damages for missed meals in excess of

1 | $17,680, and subject to proof at time of trial.

## THIRD CAUSE OF ACTION

## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207 and § 216 (AGAINST ALL DEFENDANTS)

80. Plaintiff refers to and incorporates by reference Paragraphs 1 through 79.

81. This cause of action is brought on behalf of the Collective Action Plaintiffs.

82. This cause of action is brought against MEDTRONIC.

83. Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. § 207(a) and § 216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

84. Plaintiff worked numerous weeks in excess of forty (40) hours.

85. Plaintiff was entitled to the above overtime premiums.

86. Defendants failed to compensate Plaintiff for any overtime premiums.

87. This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

88. Plaintiff worked at least one week in which overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

89. Plaintiff's individual employment is covered by the terms of the Fair Labor Standards Act.

90. Plaintiff used equipment on the job that had previously been transported in interstate commerce.

91. Defendant MEDTRONIC was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

92. Defendant MEDTRONIC was an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

93. Defendant MEDTRONIC conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiff was employed.

94. Defendant MEDTRONIC employed at least two (2) employees during each and every 12 month period in which Plaintiff was employed. These employees were engaged in commerce and regularly used equipment that had been transported in interstate commerce.

95. Defendant MEDTRONIC was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

96. Defendants' violations of 29 U.S.C. § 207 were willful and intentional. MEDTRONIC knew that the law required the additional wages be included in the regular rate of pay because it was specifically told so by Plaintiff's counsel. MEDTRONIC instead chooses to ignore the clear statutory requirements to pay proper overtime using the additional pay in the regular rate of pay calculation.

97. Plaintiff prays for judgment for overtime pay of $1,000.

98. Plaintiff prays for judgment for liquidated damages in the amount of $1,000. This amount is supplemental to the relief requested in all other causes of action.

99. Plaintiff prays for costs and attorney's fees.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200
### (AGAINST MEDTRONIC)

100. Plaintiff refers to and incorporates by reference Paragraphs 1 through

99.

101. This cause of action is brought against MEDTRONIC.

102. This cause if brought on behalf of the Missed Break Class and the Regular Rate of Pay Class.

103. By failing to pay overtime premiums under California and/or the FLSA, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, *et seq.*

104. By failing to provide adequate meal and rest breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, *et seq.*

105. Plaintiff MITCHELL prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

### FIFTH CAUSE OF ACTION
### PENALTIES FOR FAILING TO PAY WAGES UPON TERMINATION
### (AGAINST MEDTRONIC)

106. Plaintiff refers to and incorporates by reference Paragraphs 1 through 105.

107. This cause of action is brought against MEDTRONIC.

108. This cause of action is brought on behalf of the members of any class whose employment ended within the 3 years prior to the initiation of this lawsuit.

109. MEDTRONIC knew that unpaid regular rate of pay and meal payments were due to employees but refused to pay these wages when it terminated the employees.

110. In particular, MEDTRONIC changed its policy of computing overtime to include commission payments because it knew the policy was illegal. However, while MEDTRONIC fixed the problem going forward, it never retroactively paid the employees overtime for commissions earned in the past.

111. MEDTRONIC has payroll records that show how much overtime was

worked and how much commission was earned. Despite easily being able to compute the additional amounts owed to the employees, MEDTRONIC willfully refused to do so.

112. Plaintiff MITCHELL prays for penalties in the amount 30 days wages for each of the class members.

**WHEREFORE**, Plaintiff prays for the following relief:

1. That this case be certified as a class action.
2. That this case be certified as a collective action.
3. Damages for overtime not paid to Plaintiff MITCHELL in an amount in excess of $1,000 and subject to proof at trial.
4. For liquidated damages in the amount in excess of $1,000 and subject to proof at trial.
5. For restitution to Class Members in an amount in excess of $5,508,000.
6. Damages for meal premiums not paid to Plaintiff MITCHELL in excess of $17,680, and subject to proof at trial.
7. For restitution and disgorgement for all unfair business practices against Plaintiff MITCHELL in an amount subject to proof at trial.
8. For prejudgment and post judgment interest.
9. Cost of suit.
10. Attorneys' fees.
11. For such other and further relief as the court may deem proper.

DATED: September 5, 2013          LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiff JOHN MITCHELL

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED: September 5, 2013        LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiff JOHN MITCHELL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Fernando M Olguin_____ and the assigned Magistrate Judge is _____Patrick J. Walsh_____.

The case number on all documents filed with the Court should read as follows:

**2:13-CV-6624-FMO (PJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 10, 2013                          By   MDAVIS
Date                                             Deputy Clerk

---

NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☑ Western Division | ☐ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N Spring Street, G-8 | 411 West Fourth St, Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

COPY

Michael L. Tracy, Esq.   SBN237779
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
949-260-9171
mtracy@michaeltracylaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| JOHN MITCHELL, an individual, on behalf of himself and all others similarly situated, <br><br> PLAINTIFF(S) <br> v. <br><br> MEDTRONIC, INC., A MINNESOTA CORPORATION, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV13-06624 FMO/PJWx <br><br><br> SUMMONS |
|---|---|

TO.   DEFENDANT(S). _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Michael Tracy_____, whose address is _2030 Main Street, Suite 1300, Irvine, CA 92614_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint  You also must file your answer or motion with the court.

Clerk, U S. District Court

Dated:  __SEP 1 0 2013__        By: __MARILYN DAVIS__
                                       Deputy Clerk

                                       (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States  Allowed 60 days by Rule 12(a)(3)]*

COPY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JOHN MITCHELL, an individual, on behalf of himself and all others similarly situated | MEDTRONIC, INC., A MINNESOTA CORPORATION |

| (b) Attorneys (Firm Name, Address and Telephone Number If you are representing yourself, provide same) | Attorneys (If Known) |
|---|---|
| Michael Tracy SBN 237779    Megan E Ross SBN 227776<br>Law Office of Michael Tracy<br>2030 Main Street, Ste 1300, Irvine, CA 92614    (949)260-9171 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only)

☐ 1 U S Government Plaintiff    ☒ 3 Federal Question (U S Government Not a Party)

☐ 2 U S Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT    JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint)

**CLASS ACTION under F.R.C.P. 23.** ☒ Yes   ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 5,527,680

**VI. CAUSE OF ACTION** (Cite the U S Civil Statute under which you are filing and write a brief statement of cause Do not cite jurisdictional statutes unless diversity)
29 U S C Section 201 et seq   Failure to Pay Overtime

**VII. NATURE OF SUIT** (Place an X in one box only)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl Ret Inc Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R R & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U S Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV13-06624**

**FOR OFFICE USE ONLY:**    Case Number _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW**

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s) _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s) CV11-04132-MWF-PLA

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☑ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present

**IX. VENUE.** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X  SIGNATURE OF ATTORNEY (OR PRO PER) _____ Date 9/9/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended, plus all claims filed for child's insurance benefits based on disability (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended (42 U.S.C. (g)) |